McGREGOR W. SCOTT
United States Attorney
GRANT B. RABENN
ROSS PEARSON
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:19 CR 00217 LJO |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE: |
| CHRISTOPHER MICHAEL BARNES, | TIME: |
| Defendant. | COURT: |

**FILED OCT 15 2019** — CLERK, U.S. DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

## I. INTRODUCTION

### A. Scope of Agreement

The information in this case charges the defendant with a violation of 21 U.S.C. § 846 (conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B. Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances

PLEA AGREEMENT

1

concerning the criminal activities of defendant, including activities that may not have been charged in the information. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II. DEFENDANT'S OBLIGATIONS

### A. Guilty Plea

The defendant will plead guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B. Sentencing Recommendation

The defendant and his counsel may recommend a sentence within the applicable guidelines range, as determined by the Court. As set forth below, the defendant may argue for a downward variance pursuant to Title 18, United States Code, Section 3553(a).

## C. Special Assessment

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

## D. Agreement to Cooperate

The defendant agrees to cooperate fully with the government and any other federal, state, or local law enforcement agency, as directed by the government. As used in this plea agreement, "cooperation" requires the defendant: (1) to respond truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the defendant's presence is requested by the government or compelled by subpoena or court order; (3) to produce voluntarily any and all documents, records, or other tangible evidence requested by the government; (4) not to participate in any criminal activity while cooperating with the government; and (5) to disclose to the government the existence and status of all money, property, or assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities or the illegal activities of any conspirators.

## E. Defendant's Violation of Plea Agreement or Withdrawal of Plea

If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement

3

PLEA AGREEMENT

shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

F.  **Forfeiture**

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 21 U.S.C. 853. The defendant

4

waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### III. THE GOVERNMENT'S OBLIGATIONS

**A. Recommendations**

1. Incarceration Range

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range for his offense, as determined by the Court. The government may recommend whatever it deems appropriate as to all other aspects of sentencing.

2. Acceptance of responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**B. Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

### IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which the defendant is pleading guilty:

As to Count One, conspiracy to distribute controlled substance, in violation of Title 21, United States Code, Section 846:

PLEA AGREEMENT

1. Beginning in or around March 2015, and continuing to in or around May 2017, there was an agreement between two or more persons to distribute a controlled substance, to wit: marijuana, a Schedule I controlled substance; and

2. The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

The defendant fully understands the nature and elements of the crimes charged in the information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

### A. Maximum penalty

The maximum sentence that the Court can impose is 20 years of incarceration, a fine of $1,000,000, a mandatory term of 3 years supervised release and a special assessment of $100. In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862.

### B. Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve a term of imprisonment for the period of supervision or two years, whichever is less.

## VI. SENTENCING DETERMINATION

### A. Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further

understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B.     Guideline Calculations**

The government and the defendant agree that the following is their present best estimate of the sentencing guidelines variables. These estimates shall not be binding on the Court, the Probation Office, or the parties:

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

| | |
|---|---|
| Base Offense Level: | +22 (§2D.1(c)(9)) (at least 80 kg of marijuana) |
| Specific Offense Characteristics: | +2 (§2D.1(b)(7)) (mass-marketing) |
| Acceptance of Responsibility: | -3 |
| Total Adjusted Offense Level: | 21 |

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for a departure or adjustment based on defendant's post-plea obstruction of justice (§3C1.1). Both parties agree not to move for, or argue in support of, any departure from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220 (2005).

The defendant also agrees that the application of the United States Sentencing Guidelines to his case results in a reasonable sentence. The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a). The government is not obligated to recommend any specific sentence.

## VII.     WAIVERS

**A.     Waiver of Constitutional Rights**

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of

conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

### C. Waiver of Attorneys' Fees and Costs

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the

PLEA AGREEMENT

8

government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 9/11/19

PATRICK GRIFFIN
Counsel for Defendant

### B. Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 9/3/19

CHRISTOPHER MICHAEL BARNES
Defendant

C. **Attorney for the United States**

I accept and agree to this plea agreement on behalf of the government.

Dated:

McGREGOR W. SCOTT
United States Attorney

By: _____
GRANT B. RABENN
Assistant United States Attorney

**EXHIBIT "A"**
**Factual Basis for Plea**

The defendant agrees that the following facts accurately described his conduct, and that if this matter proceeded to trial the United States would establish the following facts beyond a reasonable doubt:

Beginning no later than in or around March 2015, and continuing to on or about May 2017, in the Counties of Fresno and Kern, within the State and Eastern District of California, and elsewhere, including the County of Los Angeles, within the State and Central District of California, the defendant knowingly conspired with others, known and unknown, through darkweb marketplaces, including AlphaBay, to distribute marijuana, a Schedule I controlled substance.

As part of this conspiracy, the defendant distributed or aided and abetted the distribution of at least 80, but less than 100, kilograms of marijuana.

Dated: 9/13/2019

_____
CHRISTOPHER MICHAEL BARNES
Defendant